May it please the Court, my name is Ryan Norwood. I represent Robert Allen. I'd like to reserve two minutes for rebuttal, if I could. Robert Allen, a black man, killed his wife, who was white. Everyone knew from the get-go at his trial that race was a potential issue. During the voir dire, the prosecutor deliberately struck a black woman from the panel and required to explain why. The only explanation he could offer was her teaching background. This was not a plausible reason for the strike. The record further shows that it was a pretext, and the lower court was wrong to conclude that Allen's Batson claim had merit. Batson involved a three-step inquiry, but only the third step is at issue here. The first step is whether a prima facie case can be established. And here the judge found that that had been met and ordered the prosecutor to provide a race-neutral reason. I will concede here that the reason provided, the teaching background, is race-neutral. But at the third step of the Batson inquiry, a court has to determine whether or not this was a pretext. There are many tools for doing this, but the first tool is to consider the plausibility of the reason. The prosecutor has to express a believable and articulable connection between the race-neutral characteristic identified and the desirability of a particular juror. And the prosecution has never been able to establish any such connection in this case, not at the time of the strike, not during these post-conviction proceedings with the benefit of years of hindsight. One person who agreed with this was the State trial judge, whose reaction to the prosecutor's race-neutral reason was, in 25 years, I fail to see how a teacher gives you the motivation. He didn't stop there. He didn't. The judge went on to – it's not entirely clear what he was saying, but he made some comments along the lines of, it's hard to figure out why people make strikes and there's nothing I can do about it. I think his finding was legally erroneous in that he didn't understand the reason. Kennedy, I mean, it's true, though. I mean, people – I don't know if your practice includes trial practice, but peremptory strikes are used for all sorts of reasons. And gut instinct has a lot to do with it. The Supreme Court's been clear and we've tried to be clear that that can't translate into racial discrimination in this case or other forms of discrimination. But gut instinct is still there. I can recall excusing jurors for no reason other than, you know, I just didn't get a good vibe about that person. And it's hard sometimes to explain it. And I think what the trial judge here was saying is that I haven't seen that one before, but I've seen lots of things and people are allowed to have their reasons so long as they're not one of the forbidden ones. And this was apparently, in the trial judge's mind, not one of the forbidden ones. This wasn't based on race. Now, why don't we accept that evaluation? You're right. It can be hard to explain the strike. But there is a requirement at bottom that there be – that the stated reason, and there has to be a stated reason, means some standard of plausibility. Well, and there was a stated reason. And you acknowledge the stated reason is race neutral. Now, I'm not sure about – it can't be implausible, but I don't know that there has to be an affirmative requirement of plausibility or that our cases or the Supreme Court cases have said, and the reason has to make sense to the judge. Our cases have said that. I mean, Prerogative v. Elam says that while plausibility is not what you consider at the second step, an implausible reason should be found as grounds for a pretext. Let me step you one further, just because my colleague is there. Can I substitute my own view of whether the trial court's determination is plausible or not? Or do I have to give the trial court some deference? I'm not asking you to substitute your own view. Well, it seems to me that that's where we are, because it seems to me the trial court made a determination, and the trial court's determination then, I said to myself in reviewing this case, what deference do I owe the trial court? And then I looked at the law, and it seemed to me that I had to find that determination clearly erroneous. That clearly erroneous is about the bottom rung. So I owe the most deference then. And then I say to myself, I can't say it's clearly erroneous, even if I wouldn't do it, even if I'd say, come on, even if all of those, I couldn't get there if it's clearly erroneous deference. That's what I think you have to argue to me to get me to say you win, because I can't find it's clearly erroneous. If the trial court judge said in response to this, well, that makes sense to me, and I think you're credible, we might be in that situation. But again, that's not what he said. Well, I don't know. I frankly think the trial court said exactly what my good colleague here said. A, I can't tell. It doesn't seem to me I'd have said that. But people make funny ideas as to why they kick off jurors. And this is probably okay, because, you know, I've been in the trial court before. I've preempted jurors. Sometimes it's just a hunch. But it doesn't seem to me it's race, and so it isn't. And I'm going to sustain it. I'm going to say it's okay. And I can't say that's clearly erroneous. Unless we're going to give absolute deference to this and say we just can't do anything about this idea. Oh, no, I'm not saying absolute. I'm saying based on what the district court said, can I say that was clearly erroneous? Yes, because there is no connection between having a teaching background and being unsuitable as a juror. Well, you know, I looked around. I looked at what we had here. All those others with the teaching backgrounds, Jones, Houston, Godfrey, were struck by your client. The prosecutor didn't know that at the time they passed on the trial. Well, I understand. I understand. So I looked around to find something else. Again, I'm saying to myself, that doesn't seem clearly erroneous. So if your best answer is what you've given me, you've answered my question, and I don't need to give you more worry. Well, let me point out a couple of other comparisons from the voir dire here. The prosecutor didn't ask this juror a single question about her teaching background when he had the opportunity to do so. And the courts have recognized that in and of itself as evidence of pretext. That's starkly different. How was the voir dire conducted here? It was conducted initially by the judge, and then with respect to each juror who was qualified, both counsel were given an opportunity to ask follow-up questions. So is there any reason to think the prosecutor didn't know what he wanted to know based on the trial court's question? I would ask you to compare what he did with this juror with what he did with every other juror who was eventually struck. All of those jurors had stated a reason during the judge-led voir dire that could at least be plausible as a reason for a strike. Many of them said that they had had a family member or a close friend who had been unfairly prosecuted. In each instance, what the prosecutor did was they asked follow-up questions about that characteristic. It's only with this juror that they didn't do it. And as Judge Smith brought up, there are four other jurors on this panel who had teaching backgrounds. Again, four others, Your Honor. Oh, sorry, throw it. In each instance, again, there's not a single question about this background when they have the opportunity to do so. This is what this prosecutor genuinely believes. He would think there would be at least some inquiry into this. They have — every time they use a preemptory strike, and there are eight opportunities, the prosecutor had an opportunity to strike one of these other jurors, and they didn't do so. They either struck somebody else or they waived the strike entirely, including their very last strike where they elected to waive rather than strike a juror who was a former school teacher and a current employee of the Clark County School District. So if we need to look at something beyond the genuineness, there's plenty of evidence in this record that the strike was pretextual. Do you want to save time for rebuttal? I would. Thank you, Your Honor. All right. Good morning. May it please the Court, Vic Schulze, Senior Deputy Attorney General for the State of Nevada and Warden. I just want to point out a couple of things. I know that you're all experts on the law of Batson, so I'm not going to go into — we all know Batson. I'm not going to go into the law. But I do want to point out a couple of things that are relevant here. First of all, Judge Mosley, who'd been on the bench about 30 years and has heard as many of these Batson challenges as you three have, was able to view during Stage 3, the third step of the Batson analysis, he was able to view the demeanor of the prosecutor. And the Supreme Court in both Batson and Miller L. pointed out that the — whether or not that's a purely factual issue, and the best person — and the reason we have such a highly deferential standard in the Batson challenge is that Judge Mosley was the one sitting on the bench watching the entire process, and he was able to view the credibility of the prosecutor. I'd also like to point out one other interesting fact, that if you picture yourself as Judge Mosley in this process, Judge Mosley, according to the conversation — and this all starts in the appendix at around page 507, and about — it only lasts about five or six pages. It's pretty short. But one thing Judge Mosley was able to see from the bench was that there was a multiracial jury in this case. According to the prosecutor, the jury as — the jury as finally — as finally determined — chosen contained a minimum, according to the commentary, during the challenge of two African-American jurors. Now, that's part of the totality of the circumstances that under Batson and Miller L., the Court — this Court has to look at. According to Allen, Clark County is 9.1 percent African-American. The jury as finally chosen was at least 16.6 percent African-American. So I'm guessing that Judge Mosley, although — you know, I certainly can see Judge Mosley made the comment, I've never heard somebody striking somebody as a teacher. Have you? As — I'll be perfectly candid with you, Judge, as a teacher, no, but there may be some — there may be some professions I may not want represented on one of my juries. I'm not sure — you know, I'm not — I'll be honest, I'm a prosecutor. I'm not into forgiveness, I'm into holding people accountable. And I may not want social workers, I may not want counselors, I may not want marriage and family therapists on my jury. It's potential. This Court has never held — the Supreme Court has never held — we cited about six cases in our answering brief, never held that occupation is some kind of a protected class or is an illegitimate grounds for a peremptory strike. Furthermore, we've cited all the cases that stand for the proposition that a hunch — as you said here today, this is a hunch issue. It is not — the bottom line here, it is not unconstitutional to strike an African-American juror, even when the victim wife was white and the defendant husband was black. But it's not hard to understand the concern on that subject. Agreed. I mean, when you have the characteristics you just described, and there is a requirement in the law, or at least one of the factors to be considered, is the plausibility of the strike. There is. Here the district judge was pretty candid, saying, I've never seen that one before and I can't figure out how it makes sense. Now, he went on to say some more things, and the more things we've talked about — He didn't like anybody's strikes. He said the whole process was a little too hunch-oriented for him. He — agreed. He didn't like — he was curious about some of the defense strikes. He also ironically pointed out that the defense was striking Hispanics, although one of the defense attorneys herself is Hispanic. So my point is that it is not unconstitutional to strike a minority juror. It is unconstitutional to strike a minority juror when your motivation is invidious discrimination. That's the issue here. And I think the primary weakness in this claim is that it was a single strike. Now, in theory, under the law, a single strike could be the basis of a Batson challenge. The problem, though, is a factual issue and a proof issue based on the totality of the circumstances. When you have a — what you have here is a single strike of a black juror, unlike Batson, unlike Miller L., where 91 percent of the eligible black jurors were stricken, unlike this Court's decision in Kessler v. Canberra, I've done exhaustive research. I have not found a published opinion from the Ninth Circuit or from the U.S. Supreme Court where a single strike of a minority juror, especially in the face of a multiracial jury, ended up with a successful Batson challenge. I think it's a proof issue here. The standard, as you all have agreed, this is a deferential standard because Judge Mosley was on the bench. He could see the people. I think the — I think what kills this claim is two facts, that it was a single strike — three facts — single strike, it was a racially neutral ground. This Court has never held that a racially neutral ground is illegitimate, and you had a multiracial jury. So with that, I'm prepared to conclude if the Court does not have any more questions. Thank you very much. Roberts. I have none. Roberts. Thank you. Rebuttal. Striking a single juror constitutes a Batson violation. If there are multiple strikes, that may provide all the more reason to find the individual strike contextual, but the Court only needs to find that this one strike was discriminatory. One reason that this case is different from almost all these other cases that the State's mentioning and that we're talking about in our briefing is that when a prosecutor is asked to provide a reason for a strike, in these other cases, they're able to at least state a reason that is facially plausible. You know, I thought this juror was bad because she wouldn't impose the death penalty. I thought this juror would be biased because of a relative that was involved in the criminal justice system. And that what we have to do then is determine if that record — if that reason is supported by the record and if there's disparate treatment. Here, the prosecution didn't even meet this first initial step, and no one's ever been able to explain why there is at least some sort of plausible link between the characteristic and this juror's unsuitability. And that's why the Court should find that this is simply not a plausible reason. There are other issues that need to be — that would need to be decided here because there's this underlying default issue. I would ask the Court to consider granting a COA on the other issues and the other merits issues. And to resolve the default issue, we'd probably need a remand. But I would ask the Court to first find that this BATS issue is meritorious. Roberts. Thank you. We thank both counsel for your arguments. The case just argued is submitted.
judges: Black, Clifton, Smith